IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS ATCHISON, Y19978, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 25-cv-1323-DWD |
| DAVID MITCHELL, SGT. MEYERS, JOHN DOES 1-7, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Thomas Atchison, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). Specifically, Plaintiff alleges that the defendants failed to protect him from an assault during an escort to the gym. Plaintiff's original complaint was dismissed for failure to state a claim (Doc. 12), and he has now filed a timely amended complaint (Doc. 14).[1]

The amended complaint (Doc. 14) is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b).

---

[1] Plaintiff submitted one amended complaint via electronic filing, and one via physical mail. (Docs. 13, 14). The allegations are the same.

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff alleges that on July 8, 2023, he was walking to the gym escorted by several officers when a fellow inmate assaulted him. (Doc. 14 at 5). Defendants Meyers and John Does 1-7 looked on but did not act. He claims one Doe even shrugged his shoulders and turned away. A few minutes later, the inmate attacked a second time,[2] this time knocking Plaintiff unconscious on the concrete. Plaintiff claims that the Defendants' inaction about the first assault allowed the second assault to occur. (Doc. 14 at 5-6). He alleges that after the first assault line movement should have been stopped until control was established, but the officers acted with gross negligence by doing nothing. His head bled and he stayed overnight in the prison's infirmary to assess his injuries.

Plaintiff alleges he grieved the incident, and Defendant Warden Mitchell signed off on the grievance acknowledging the assault. Despite the grievance, Plaintiff says that about two months later he and his assailant ended up being in a clothing line together. The assailant threatened further harm, though nothing transpired. He faults Mitchell for

---

[2] In the original complaint, Plaintiff stated that the inmate attacked a second time when Plaintiff approached to talk things through. (Doc. 1 at 11). Plaintiff omitted this information from his amended complaint, but this information is significant the extent it suggests that the situation may have appeared relatively benign to Meyers and John Does 1-7.

allowing this to happen, insisting that he should have issued a "KSF" but did not. (Doc. 14 at 6).

Finally, Plaintiff alleges he was denied his right to press charges. (Doc. 14 at 6). He seeks monetary compensation.

Although Plaintiff has attempted to remedy the problem of insufficiently describing Mitchell and Meyers' involvement identified with his original pleading, the amended complaint is still insufficient to state a claim. To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Negligence is not enough to support a deliberate indifference claim. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

A plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). A general risk of harm is not sufficient, an inmate must

demonstrate that he alerted staff to a specific risk. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

A prison employee may be liable for failing to intervene in an inmate-on-inmate attack if he or she is aware of an assault but fails to take reasonable action to intervene. *Eddmonds v. Walker*, 317 Fed. App'x 556, 558-59 (7th Cir. 2009). An inmate must establish more than just negligence, he must show that prison officials were aware of a substantial risk of serious injury but failed to take appropriate steps to respond. *Id.* at 558. A guard is not expected to immediately insert themselves into a physical altercation, risking their own safety, but they must at least take reasonable action. *See e.g., Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018) (finding that even if a guard's reaction to a fight was not the inmate's preferred action, her unsuccessful attempt to direct the assailant to return to his cell was negligence at most); *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007).

Plaintiff does not say enough to suggest that the conduct by Meyers or John Does 1-7 was anything more than negligence, and in fact he explicitly refers to their conduct as negligence. He does not say he had a history with the inmate who attacked him, that the inmate gave any preliminary warning that an attack was going to occur, that the attack occurred close enough for the officers to intervene, that it lasted for long enough to allow intervention, or that the initial blows were significant enough to warn of serious harm. The same goes for the second attack, which seems to have caught everyone (including Plaintiff) off guard. Prison employees must take reasonable action to stop a harmful altercation if they have advance warning and an opportunity to step in, but Plaintiff's factual allegations do not suggest that he can meet either of these criteria. While the

situation is certainly unfortunate, the facts simply do not plausibly suggest anything beyond negligence and thus cannot support a § 1983 claim.

As for Defendant Mitchell, Plaintiff faults him for processing a grievance about the attack in so much as Mitchell allegedly did not place a "KSF." The Court assumes that by KSF Plaintiff means a "keep separate from" directive. Plaintiff's assertions against Mitchell fail for a few reasons. He does not suggest that his grievance told Mitchell he feared future interactions, but even if it did, he has no evidence other than his own speculation to support the proposition that Mitchell did not issue a KSF. It is entirely possible that Mitchell did issue a KSF, and staff failed to follow it. It is also possible that Mitchell had no reason to believe a KSF was necessary. General risks of harm are not enough in the prison environment to invoke a duty to protect. He also states that he did not suffer any harm, which is an essential component of a successful § 1983 claim for compensatory damages under the Eighth Amendment.

Finally, Plaintiff complains that he did not get to exercise his right to press charges, but this allegation has no basis in federal law as there is no federal right for a private citizen to pursue criminal charges against another citizen.

Having now reviewed Plaintiff's allegations twice, the Court will not invite further amendments. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave

to amend need not be given if an amendment to the complaint would be futile). On the information provided, there is simply no plausible reworking of the facts that would support a § 1983 claim, as opposed to a pure negligence claim. As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## DISPOSITION

Plaintiff's Amended Complaint (Doc. 14) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: October 30, 2025

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge